1  Yaw-Jiun (Gene) Wu (# 228240)
     gwu@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
3  301 N. Lake Avenue, Suite 1100
   Pasadena, California 91101-4158
4  Tel: (626) 535-1900 | Fax:  (626) 577-7764

5  Attorneys for Defendant
   WELLS FARGO BANK, N.A.,
6  successor by merger with Wells Fargo
   Bank Southwest, N.A., f/k/a
7  Wachovia Mortgage, FSB, f/k/a
   World Savings Bank, FSB, and
8  successor by merger with Wells Fargo
   Home Mortgage, Inc. ("Wells Fargo")

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  DINO ADAM, an individual; TRINA        CASE NO.: 8:16-cv-01630-JLS (JCGx)
    ADAM, an individual; LUKE ADAM,
14  an individual; and CHANDRA ADAM,      **DEFENDANT WELLS FARGO
    an individual,                         BANK, N.A.'S NOTICE OF
15                                         MOTION AND MOTION FOR
                    Plaintiffs,            AWARD OF ATTORNEYS' FEES;
16                                         MEMORANDUM OF POINTS AND
            v.                             AUTHORITIES**
17
    WELLS FARGO BANK, N.A. dba           *[Filed concurrently with Wu
18  WELLS FARGO HOME MORTGAGE,           Declaration]*
    INC., a National Banking Association;
19  NBS DEFAULT SERVICES, LLC, a         Date:   June 22, 2018
    Texas Limited Liability Company;      Time:   2:30 p.m.
20  DOES 1 through 15, inclusive,         Ctrm:   10A
21                  Defendants.           [Assigned to the Hon. Josephine L.
                                          Staton]
22

23

24  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

25          **PLEASE TAKE NOTICE** that on June 22, 2018, at 2:30 p.m., or as soon

26  thereafter as the matter may be heard in Courtroom 10A of the above-entitled

27  Court, located at 411 West Fourth Street, Santa Ana, CA 92701-4516, defendant

28  WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank

1   Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB,

2   and successor by merger with Wells Fargo Home Mortgage, Inc. ("Wells Fargo"),

3   will move the Court for an award of at least $45,251.20 in attorneys' fees.

4          Grounds for this fee motion are that:  (i) this lawsuit challenged Wells

5   Fargo's rights under the deed of trust and promissory note relating to the subject

6   property; (ii) both the note and deed of trust contain attorneys' fee provisions; (iii)

7   Wells Fargo prevailed in the action when this Court entered a judgment in the

8   bank's favor; *and* (iv) Wells Fargo's fees are reasonable.

9          **Compliance with Local Rule 7-3.**  This motion follows a Local Rule 7-3

10  conference of counsel which took place on April 10, 2018.

11                                          Respectfully submitted,

12  Dated:  April 19, 2018                  ANGLIN, FLEWELLING, RASMUSSEN,
                                            CAMPBELL & TRYTTEN LLP
13

14

15                                          By:  ____*/s/ Yaw-Jiun (Gene) Wu*____
                                                 Yaw-Jiun (Gene) Wu
16                                               gwu@afrct.com
                                            Attorneys for Defendant WELLS FARGO
17                                          BANK, N.A., successor by merger with
                                            Wells Fargo Bank Southwest, N.A., f/k/a
18                                          Wachovia Mortgage, FSB, f/k/a World
                                            Savings Bank, FSB, and successor by
19                                          merger with Wells Fargo Home Mortgage,
                                            Inc. ("Wells Fargo")
20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<div align="right">Page</div>

1.  INTRODUCTION ............................................................................ 1

2.  SUMMARY OF THE ACTION ........................................................ 1

    A.  Summary Of Plaintiffs' Allegations ..................................... 1

    B.  Case Procedural History ...................................................... 4

3.  THE PROMISSORY NOTE AND DEED  OF TRUST CONTAIN FEE PROVISIONS ....................................................................... 5

4.  PLAINTIFFS' CLAIMS FIT SQUARELY WITHIN THE FEE PROVISIONS OF THE NOTE AND DEED OF TRUST ........................... 7

5.  THE FEES REQUESTED BY WELLS FARGO ARE REASONABLE ........................................................................... 10

    A.  The Time Expended In Defense Of This Matter Was Reasonable .......................................................................... 11

    B.  The Experience, Reputation, And Ability Of Defense Counsel Warrants The Fees Requested ................................................ 12

6.  CONCLUSION ........................................................................... 15

i

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Albizo v. Wachovia Mortg.*,
   2013 U.S. Dist. LEXIS 138966 (E.D. Cal. Sept. 25, 2013) ................................ 1

*Armstrong v. Brown*,
   805 F. Supp. 2d 918 (N.D. Cal. Aug. 8, 2011) .................................................... 14

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................................ 12

*Buena Vista, LLC v. New Res. Bank*,
   2011 U.S. Dist. LEXIS 96141 (N.D. Cal. Aug. 26, 2011) ................................ 14

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008) .............................................................................. 15

*Davis v. City of San Francisco*,
   976 F.2d 1536 (9th Cir. 1992) ............................................................................ 12

*First Nat. Ins. Co. of Am. v. MBA Const.*,
   2005 U.S. Dist. LEXIS 38808 (E.D. Cal. Dec. 12, 2005) .................................. 6

*Florida v. Dunne*,
   915 F.2d 542 (9th Cir. 1990) .............................................................................. 14

*Gonzalez v. City of Maywood*,
   729 F.3d 1196 (9th Cir. 2013) ............................................................................ 15

*Henry v. Bank of Am. Corp.*,
   2010 U.S. Dist. LEXIS 94028 (N.D. Cal. Aug. 23, 2010) ................................ 14

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................................ 11

*Joseph v. Wachovia Mortgage, FSB*,
   2012 U.S. Dist. LEXIS 28866 (N.D. Cal. Mar. 5, 2012) .................................. 13

*LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
   791 F.2d 1334 (9th Cir. 1986) ............................................................................ 10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Love v. Mail on Sunday,*
    2007 U.S. Dist. LEXIS 97061 (C.D. Cal. Sept. 7, 2007)...................................14

*MRW, Inc. v. Big-O Tires, LLC,*
    684 F.Supp.2d 1197 (E.D. Cal. 2010) ...................................................................8

*Neufeld v. Wells Fargo Home Mortg., Inc.,*
    2011 U.S. Dist. LEXIS 63238 (C.D. Cal. June 13, 2011)..........................13, 14

*Nguyen v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 15318 (N.D. Cal. Jan. 3, 2011) ............................8, 9, 13

*Sato v. Wachovia Mortgage, FSB,*
    2013 U.S. Dist. LEXIS 1048 (N.D. Cal. Jan. 3, 2013) .....................................13

*Singh v. Hancock Natural Res. Grp., Inc.,*
    2017 U.S. Dist. LEXIS 80613 (E.D. Cal. May 25, 2017)..................................15

**STATE CASES**

*Abdallah v. United Savings Bank,*
    43 Cal. App. 4th 1101 (1996)...............................................................................8

*Boyd v. Oscar Fisher Co.,*
    210 Cal. App. 3d 368 (1989) ................................................................................8

*Harbor View Hills Cmty. Ass'n v. Torley,*
    5 Cal. App. 4th 343 (1992)...................................................................................8

*Kangarlou v. Progressive Title Co.,*
    128 Cal. App. 4th 1174, 1178 (2005).............................................................7, 8

*La Mesa-Spring Valley District v. Otsuka,*
    57 Cal. 2d 309 (1962) .........................................................................................10

*Lockton v. O'Rourke,*
    184 Cal. App. 4th 1051 (2010) .............................................................................8

*Nevin v. Salk,*
    45 Cal. App. 3d 331 (1975) ..................................................................................8

*Paul v. Schoellkopf,*
    128 Cal. App. 4th 147 (2005)...............................................................................8

*Santisas v. Goodin*,
  17 Cal. 4th 599 (1998) .................................................................................. 7

*Stokus v. Marsh*,
  217 Cal. App. 3d 647 (1990) ...................................................................... 10

**STATE STATUTES**

Cal. Civ. Code § 1717 ................................................................................ 1, 6

Cal. Civ. Code § 1717(a) ............................................................................ 7, 8

Cal. Civ. Code § 2923.6 ................................................................................. 4

Cal. Civ. Code § 2923.7 ................................................................................. 4

Cal. Civ. Code § 2923.55 ............................................................................... 4

Cal. Civ. Code § 2924.9 ................................................................................. 4

Cal. Civ. Code § 2924.17 ............................................................................... 4

Cal. Civ. Code § 17200 .................................................................................. 4

Cal. Civ. Proc. Code § 1021 .......................................................................... 6

Cal. Civ. Proc. Code § 1032(a)(4) ................................................................ 6

Cal. Civ. Proc. Code § 1033.5(a)(10) ........................................................... 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# 1.   <u>INTRODUCTION</u>

In July 2016, plaintiffs brought this suit on Wells Fargo's alleged mishandling of their loan modification application(s) and sought to enjoin Wells Fargo from foreclosing on the subject Property.

After several rounds of 12(b)(6) motions, the Court granted Wells Fargo's motion to dismiss the Second Amended Complaint without leave to amend.  (Dkt. 65 [Order].)

Having successfully defended against plaintiffs' lawsuit, an award of attorneys' fees to Wells Fargo is warranted.  "Under California law, when a party to a contract dispute obtains a simple unqualified win in litigation, a court has no discretion to deny attorneys' fees pursuant to a valid contractual attorneys' fees clause under [Civil Code] section 1717." *Albizo v. Wachovia Mortg.*, 2013 U.S. Dist. LEXIS 138966, *11 (E.D. Cal. Sept. 25, 2013).  Here, Wells Fargo obtained an "unqualified win."  Pursuant to the fee provisions in the loan contract at issue,[1] Wells Fargo is now entitled to its attorneys' fees to achieve that "win."

For the reasons that follow, Wells Fargo seeks an award of $45,251.20 in attorneys' fees for litigation this case to judgment, as well as an additional $2,920.90 in fees for bringing this fee motion. (Wu Decl. ¶¶ 6, 10.)

# 2.   <u>SUMMARY OF THE ACTION</u>

**A.   <u>Summary Of Plaintiffs' Allegations</u>**

On or about June 4, 2004, Plaintiffs Luke and Chandra Adam obtained a loan from World Savings Bank, FSB, in the amount of $502,000 (the "Loan").  SAC ¶ 12c.  The Loan was secured by a Deed of Trust recorded against 5505

---

[1]   Attached to the accompanying Wu Declaration as Exhibits C and D are true and correct copies of the promissory note and deed of trust signed by plaintiffs.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Paseo Joaquin, Yorba Linda, California 92886 (the "Property").  Id., ¶ 12; SAC

2    Exh.[2] A (DOT).

3         The front page of the DOT states: "THE MAXIMUM AGGREGATE

4    PRINCIPAL SECURED BY THIS DEED OF TRUST IS $627,500.00 WHICH IS

5    125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT."  SAC ¶ 12c.

6         On or about November 22, 2014, plaintiffs contacted Wells Fargo for

7    mortgage assistance and sent a letter dated November 22, 2014.  SAC ¶ 13a & its

8    Exh. C.  Relevant to the breach of contract cause of action, plaintiffs' letter states:

9              Because ownership of our home is no longer in jeopardy by the IRS,

10             we wish to work out a plan to become current on our home mortgage.

11             According to the loan statement dated 9/15/2014, (copy enclosed) the

12             principal balance owed is $542,605.20; total outstanding deferred

13             interest is $40,650.49; and the outstanding escrow balance is

14             $43,728.56.  There are also late fees of $6,049.74[3] and some more

15             interest.

16   Exhibit C to SAC, p. 1.  Although the letter states that a copy of the 9/15/2014 loan

17   statement was enclosed, none was actually enclosed with Exhibit C.

18        Tellingly, Plaintiffs' Exhibit C does not dispute the sum owing or accuse

19   Wells Fargo of any misconduct.

20        Plaintiffs allege that they requested mortgage assistance and submitted a

21   complete loan modification application on or about February 17, 2015  SAC, ¶

22   13b.  Plaintiffs allege that Wells Fargo appointed them a single point of contact

23   ("SPOC") on or about February 17, 2015.  Id., ¶ 13c.

24

25

26   ────────────────
     [2] While the SAC references exhibits, no such exhibits were served with the SAC.
27   However, it appears that all exhibits referenced by the SAC are the same as those
     in FAC (Doc. # 15).  Thus, all references to Exhibits in SAC are also to Exhibits in
28   the FAC.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

On February 27, 2015, allegedly when their complete modification application was pending, a Notice of Default was recorded against the Property, stating that over $210,000 was due as of February 2009.  SAC Exh. F (NOD). Plaintiffs allege that because no substitution of trustee, appointing NBS Default as trustee, was recorded, that the Notice of Default is void.  Id., ¶ 13d.

However, the Substitution of Trustee (SOT) was recorded on February 24, 2015.  RJN iso Motion to Dismiss Exh. 1 (SOT).

On October 16, 2015, while Plaintiffs' complete modification application was allegedly pending, Wells Fargo recorded a Notice of Trustee's Sale ("NOTS"). Comp. ¶ 13z.

The NOTS listed the "remaining principal sum of the note(s) secured by the said Deed of Trust, with interest thereon, as provided in said note(s); advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee an of the trusts created by said Deed of Trust, to wit: $757,873.66 (Estimated) as of 10/23/2015."  SAC Exh. Q (NOTS)(emph. added).

Plaintiff alleges that the maximum amount secured by the Loan was capped at 125% of the original principal balance or $627,500.  SAC ¶ 46b.

Plaintiffs admit that on April 5, 2016, Wells Fargo sent them a letter denying their pending loan modification application due to "their net present value evaluation." SAC ¶ 13dd & its Exh. R.

Relevant to plaintiffs' fraud and negligent misrepresentation causes of action, plaintiffs allege that a) the Declaration of Compliance attached to the NOD was false because Wells Fargo never tried to contact them; b) that Wells Fargo's June 2, 2015 letter informing them that plaintiffs' modification application has been withdrawn due to missing documents was false because plaintiffs was in constant contact with Wells Fargo and submitted the requested documents; and c) the NOTS was false because it was recorded when they were under review, because the NOD was false and invalid, and because the amount of the debt stated

1   exceeded the maximum principal balance allowed by the first page of the Deed of

2   Trust.  SAC ¶ 21 a, b & c; ¶ 37 a, b, & c.

3        Based on plaintiffs' basic contention that Wells Fargo was required to

4   modify the loan in question, the original complaint, FAC, and SAC asserted claims

5   for fraudulent  misrepresentation, unfair business practices, negligence

6   misrepresentation, and breach of contract.  The SAC echoed the allegations in the

7   prior pleadings.

8   **B.   Case Procedural History**

9        Plaintiffs filed a complaint in Orange County Superior Court on July 28,

10  2016 alleging eight causes of action: (1) violation of California Civil Code section

11  2923.6; (2) violation of California Civil Code section 2923.7; (3) violation of

12  California Civil Code section 2923.55; (4) violation of California Civil Code

13  section 2924.17; (5) violation of California Civil Code section 2924.9; (6)

14  fraudulent misrepresentation; (7) negligence, and (8) violation of California Civil

15  Code Section 17200, unfair business practices.  (Dkt. 1, Ex. A.)

16       Wells Fargo removed the action to this Court on September 2, 2016. (Dkt.

17  1.)  NBS joined in the removal. (Dkt. 4.)  Plaintiffs then amended their complaint

18  to add two causes of action, negligent misrepresentation and breach of contract.

19  (*See* FAC, Dkt. 15) The Court stayed the action and ordered the parties to loan

20  modification proceedings. (Dkt.  24.)  Plaintiffs and Wells Fargo were not able to

21  come to an agreement, and the stay was lifted on November 27, 2017. (Mediation

22  Report, Dkt. 40; Status Report, Dkt. 42; Order Lifting Stay, Dkt. 43.)

23       Wells Fargo re-set the Motion to Dismiss it filed prior to the stay for

24  hearing. (Dkt. 44.)  Plaintiffs moved to remand the case, alleging that the  amount

25  in controversy necessary for diversity jurisdiction was not satisfied. (Dkt. 45).  On

26  February 5, 2018, the Court issued an Order denying Plaintiffs' motion to remand

27  and granting Wells Fargo's motion to dismiss with leave to amend only claims six,

28  eight, nine and ten (Dkt. 56.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Plaintiffs filed a Second Amended Complaint on (Dkt. 58.)  Wells Fargo

2   filed a Motion to Dismiss the Amended Complaint on March 9, 2018 which was

3   set for a hearing on April 6, 2018.  On April 5, 2018, the Court issued an Order

4   granting Wells Fargo's Motion to Dismiss the Second Amended Complaint

5   without leave to amend and dismissed the case with prejudice (Dkt. 65.)

6   Wells Fargo now seeks to recover its reasonable attorneys' fees, pursuant to

7   the fee clauses in the promissory note and deed of trust signed by plaintiffs.  (Wu

8   Decl. Exhs. C & D.)

### 3.  THE PROMISSORY NOTE AND DEED
### OF TRUST CONTAIN FEE PROVISIONS

11   As discussed above, plaintiffs obtained a home loan which was

12   memorialized in a promissory note and secured by a first position deed of trust.

13   The promissory note provides the following at paragraph 7(E):

***Payment of Lender's Costs and Expenses:***

The Lender will have the right to be paid back by me for all of its costs and expenses <u>in enforcing this Note</u> to the extent not prohibited by applicable law.  Those expenses may include, for example, reasonable attorneys' fees and court costs.

18   (Wu Decl. Exh. C at p. 4) (bold in original; underline added.)

19   Similarly, the deed of trust contains an attorneys' fee provision at

20   covenant 7:

***Lender's Right to Protect its Rights in the Property:***

<u>If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property.  Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees,</u> purchasing insurance required under Paragraph 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs.  Lender must give me notice

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3

before Lender may take any of these actions.  Although Lender may take action under this Paragraph 7, Lender does not have to do so.  Any action taken by Lender under this Paragraph 7, will not release me from my obligation under this Security Instrument.

4    (Wu Decl. Exh. D at p. 7) (bold in original; underline added.)

5           Accordingly, both the promissory note and deed of trust clearly authorize the

6    recovery of attorneys' fees.

7           A trio of state law statutes support Wells Fargo's right to recover fees under

8    the provisions that appear in the promissory note and deed of trust.  First, C.C.P.

9    § 1033.5(a)(10) provides that attorneys' fees are allowed as costs when authorized

10   by contract.  Second, C.C.P. § 1021 adds that unless attorneys' fees are limited by

11   statute, recovery is determined by the language in the agreement.  Finally, Civil

12   Code § 1717 states that reasonable fees permitted by contract should be awarded to

13   the "prevailing party."[3]

14          An instructive case is *First Nat. Ins. Co. of Am. v. MBA Const.*, 2005 U.S.

15   Dist. LEXIS 38808, *6 (E.D. Cal. Dec. 12, 2005), which provides that to recover

16   attorneys' fees, the moving party must show that: (1) the contract authorized an

17   award of fees; (2) the side seeking fees was the "prevailing party"; and (3) that the

18   fees incurred were reasonable.  All of these factors are present in this action,

19   thereby warranting a fee award in Wells Fargo's favor.

20

21

22

23   _____

     [3]   C.C.P. § 1032(a)(4) provides clarification by defining the "prevailing party" as

24   a "defendant in whose favor dismissal is entered."  Here, Wells Fargo prevailed

25   when its 12(b)(6) motion was granted without leave, and a judgment was issued in

26   the bank's favor.  Accordingly, the bank has every right to recover its attorneys'

27   fees pursuant to the subject note and deed of trust.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 4.    PLAINTIFFS' CLAIMS FIT SQUARELY WITHIN THE FEE PROVISIONS OF THE NOTE AND DEED OF TRUST

As discussed above, Section 7(E) of the promissory note provides for recovery of attorneys' fees "in enforcing this Note to the extent not prohibited by applicable law." (Wu Decl. Exh. C at p.4.)  Here, plaintiffs' lawsuit was a direct challenge to Wells Fargo's right to enforce the note because plaintiffs insisted that their lender was essentially required to modify the loan. (SAC ¶¶ 41, 48)  In other words, plaintiffs sought to rewrite the terms of the original promissory note, including but not limited to the total amount owing, capped at $627,500.  Plaintiffs unequivocally sought to undermine Wells Fargo's rights under the note; after all, the very purpose of a mortgage is to lend money to the borrower and receive monthly payments plus interest over a number of years.

On a related point, plaintiffs made a promise to make timely payments under the promissory note.  As set forth in Section 3(A) of the note, plaintiffs agreed to "pay Principal and interest by making payments every month. . ." (Wu Decl. Exh. C at p.2.)  By failing to fulfill their contractual obligations and pursuing the route of litigation, plaintiffs thwarted thier lender's ability to enforce the note.

It should be added that Civil Code § 1717(a) modifies the effect of the contractual provision in the note.  It not only makes this fee clause reciprocal, but also expands its scope so that it applies to the entire contract, not just an action to "enforce[e] this Note." See e.g., *Santisas v. Goodin*, 17 Cal. 4th 599, 614-15 (1998); *Kangarlou v. Progressive Title Co*., 128 Cal. App. 4th 1174, 1178 (2005) ("[A]fter the 1983 amendment to section 1717, which added the final sentence of subdivision (a), 'parties may not limit recovery of attorney fees to a particular type of claim, such as failure to pay escrow costs.'") (*quoting Paul v. Schoellkopf*, 128 Cal. App. 4th 147, 153 (2005).)  Section 1717(a) provides that if a contract contains an attorneys' fee clause, "that provision shall be construed as applying to the entire contract."  In 1983, the legislature amended the statute by adding the

above-quoted language to clarify that section 1717(a) covers any action on a contract, no matter how narrowly the fee provision is worded. See e.g., *Kangarlou*, *supra*, 128 Cal. App. 4th at 1178; *Paul*, *supra*, 128 Cal. App. 4th at 153; *Boyd v. Oscar Fisher Co.*, 210 Cal. App. 3d 368, 380 (1989); *Harbor View Hills Cmty. Ass'n v. Torley*, 5 Cal. App. 4th 343, 348-49 (1992).

Indeed, "[i]f a contractual attorney fee provision is phrased broadly enough, . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims: '[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.'" *Lockton v. O'Rourke*, 184 Cal. App. 4th 1051, 1076 (2010) (*quoting Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1341 (1992).) A broad fee clause, for example, entitles a bank "to fees incurred in defending itself against 'interrelated' allegations of fraud." *Abdallah v. United Savings Bank,* 43 Cal. App. 4th 1101, 1111 (1996); see also, *Nevin v. Salk*, 45 Cal.App.3d 331, 340 (1975) ("Although the action sounded in tort (fraud), it nonetheless constituted an action affecting Salk's security interest as well as his unsecured interests."); *MRW, Inc. v. Big-O Tires, LLC*, 684 F.Supp.2d 1197, 1204-05 (E.D. Cal. 2010) (allowing recovery of fees under a contractual fee provision because defense of tort claims was necessary to the enforcement of and collection under the contract).

An instructive case on this precise issue is *Nguyen v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 15318 (N.D. Cal. Jan. 3, 2011). In *Nguyen*, this very Court granted Wells Fargo's fee motion based on the exact same loan contract at issue in this action – a note and deed of trust between the borrower and World Savings Bank, FSB. The plaintiff in *Nguyen* brought an array of claims, alleging three basic categories of wrongdoing: (1) improprieties in the beneficiary and trustee assignments; (2) the lender's alleged failure to comply with California's foreclosure statutes; and (3) improprieties during origination of the mortgage.

*Nguyen*, 2011 U.S. Dist. LEXIS at *4.  Examining the same fee provisions as here, this Court held that: "all of Plaintiff's claims directly relate to Wells Fargo's enforcement of the Note through foreclosure." *Id*. at *9.

    The claims in the instant action also fit within the fee provision in the deed of trust signed by two of the plaintiffs.  As touched upon above, Section 7 of the deed of trust explains that if the borrower "begins a legal proceeding that may significantly affect Lender's rights in the Property", then the lender may recover reasonable attorneys' fees to defend against such an action. (Wu Decl. Exh. D at p.7.)  Here, plaintiffs sought to recover compensatory, consequential, special, statutory, exemplary, and punitive damages based on Wells Fargo's refusal to provide them with a loan modification. (e.g., SAC ¶¶26, 27, 42, 48; see also, Prayer for Relief, esp. Prayer No. 7.)  As a practical matter, plaintiffs are essentially challenging their lender's foreclosure rights by demanding a loan modification.  Consequently, this lawsuit falls within the ambit of the fee provision in the trust deed.  Nothing is more fundamental to a "Lender's rights in the Property" than the right of a lender to insist on the mortgage payments due under the loan contract, and if necessary, to enforce its security interest and proceed with a foreclosure following the borrower's default.

    Furthermore, the deed of trust provides that if the borrower "[does] not keep [his] promises and agreements made in this Security Instrument . . . then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property." (Wu Decl. Exh. D at p.7.)  In the present case, plaintiffs have failed to make mortgage payments since February 2009, owing in excess of $210,000. (FAC Exh. F (NOD) at p.1.)  This continued delinquency clearly runs afoul of Covenant 1 of the deed of trust, relating to the borrower's promise to make mortgage payments in timely fashion. (Wu Decl. Exh. D at p.3.) Plaintiffs seek to side step their contractual obligations by alleging a duty by Wells Fargo to modify the loan contract, yet plaintiffs were not able to plead a viable

claim.  As the prevailing party, Wells Fargo now has every right to recoup the reasonable attorneys' fees it incurred to protect its rights relating to the property.

Put simply, the claims in the instant action fall within the scope of the fee provisions in the note and deed of trust signed by plaintiff.  Accordingly, attorneys' fees are recoverable by Wells Fargo, in the amount set forth below.

**5.**   **THE FEES REQUESTED BY WELLS FARGO ARE REASONABLE**

When the underlying contract does not specify an amount of attorneys' fees, it is within the Court's discretion to award a reasonable amount. *Stokus v. Marsh*, 217 Cal. App. 3d 647, 654 (1990).  To determine the amount of the fee award, the Court may consider the factors outlined in *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341 (9th Cir. 1986).

In *LaFarge*, the Court of Appeals affirmed an award of attorneys' fees, noting that the district court's ruling was supported by affidavits and exhibits that included contemporaneous time records maintained by the law firms involved. The exhibits and affidavits disclosed the hours billed, the nature of the professional services rendered, and the hourly rate for each attorney.  Each firm submitted a description of the services performed, by whom they were performed, each individual's professional credentials, and each individual's rate at the time the task was performed.  The Court of Appeals found the district court's analysis was thorough, thoughtful, and reflected consideration of the relevant factors.[4]

As in *LaFarge*, the information furnished in this motion demonstrates that Wells Fargo's fee request is reasonable, in light of the experience and standing of

---

[4]  See also, *La Mesa-Spring Valley District v. Otsuka,* 57 Cal. 2d 309, 315 (1962) (the factors a court should consider when determining whether a fee request is reasonable include "[the] nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure of the attorney's efforts, the attorney's skill and learning, including his age and experience in the particular type of work demanded.")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

the lawyers involved, as well as the nature and success of the work performed.

**A.**   **The Time Expended In Defense Of This Matter Was Reasonable**

To determine the reasonable hours expended, the party seeking attorneys' fees bears the burden of submitting detailed time records which justify the hours spent defending against the plaintiff's claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (in arriving at a fee award, district courts should exclude hours not "reasonably expended").

Attached to the accompanying Wu Declaration are billing invoices that quantify and describe each task performed in connection with this litigation, as well as an itemized spreadsheet in compliance with the Court's standing order.  As memorialized in much greater detail within the monthly invoices, key tasks in defending against plaintiffs' claims included, but were not limited to the following:

- Analysis of the original pleadings, a review of plaintiffs' bankruptcy filings, and review of various background documents;
- Research regarding grounds for removal and preparation of the removal notice;
- Preparation of Wells Fargo's motion to dismiss the original complaint (Dkt. 9);
- Preparation of motion to dismiss to the First Amended Complaint, along with supporting reply brief (Dkt. 19 and Dkt. 47);
- Preparation of Opposition to Motion to Remand and legal research associated with the Opposition;
- Liaison with client and plaintiffs' counsel for loan modification review;
- Prepare for and attend loan modification settlement conference;
- Drafting of Rule 26 joint reports and status reports regarding loan modification conference with input from opposing counsel;
- Preparation of motion to dismiss the Second Amended Complaint,

along with supporting reply brief. (Dkt. 59 & Dkt. 63);

- Numerous communications with client throughout the pendency of action; *and*

- Numerous communications with opposing counsel regarding plaintiffs' claims and the prospect of ADR.

**B.** **The Experience, Reputation, And Ability Of Defense Counsel Warrants The Fees Requested**

To determine what rate is "reasonable," courts look at "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895 (1984); see also, *Davis v. City of San Francisco,* 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity").

In the present case, the defense was handled primarily by me, who charged an hourly rate of $330 for the bulk of this litigation. (Wu Decl. ¶ 2(a).)[5] I was assisted by Emily Martinez, a paralegal that billed out at $155 per hour for the bulk of the litigation. (Wu Decl. ¶ 2(b); see also, Exh. A [Invoices].)  Some ancillary tasks were performed by other attorneys and paralegals at AFRCT, as detailed in the accompanying Wu Declaration and reflected in the invoices. (Wu Decl. ¶¶2 & 8; Exh. A.)  The total work performed to dispose of this action was $45,251.20. (Wu Decl. ¶6; Exh. A.)  Accordingly, Wells Fargo seeks to recover $45,251.20 in attorneys' fees through the entry of judgment. *Id.*

Numerous district courts have found the rates and work of Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP ("AFRCT") to be reasonable in similar cases.  Some recent rulings that address the reasonableness of invoices by

---

[5]  In 2017, my hourly rate on Wells Fargo matters was $330. (Wu Decl. ¶ 2(a).) In 2018,  my rate was discounted to $289/hour. (Wu Decl. ¶ 2(a); *see also*, Exh. B [Invoices].)

AFRCT include:

- In *Nguyen v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 15318, *10-15 (N.D. Cal. Jan. 3, 2011), this Court found the rates of AFRCT to be reasonable and awarded $19,302.50 to Wells Fargo based on dismissal of the action after removal, a remand battle, and a successful motion to dismiss.

- In *Sato v. Wachovia Mortgage, FSB*, 2013 U.S. Dist. LEXIS 1048, *10 (N.D. Cal. Jan. 3, 2013), the district court held that AFRCT's rates were "commensurate with those charged in the local legal community." Accordingly, the court awarded $42,167.00 in attorneys' fees to Wells Fargo for successfully defending against the borrower's lawsuit. *Sato*, 2013 U.S. Dist. LEXIS at *12.

- In *Joseph v. Wachovia Mortgage, FSB*, 2012 U.S. Dist. LEXIS 28866, *8 (N.D. Cal. Mar. 5, 2012), a district court held once again that AFRCT's rates were "reasonable for the San Francisco Bay Area." As in *Nguyen* and *Sato* (discussed above), the *Joseph* matter involved the standard World Savings loan contract; in other words, the same promissory note and trust deed that are at issue in the present action.

- In *Neufeld v. Wells Fargo Home Mortg., Inc.*, 2011 U.S. Dist. LEXIS 63238, *5-6 (C.D. Cal. June 13, 2011), the court awarded Wells Fargo $17,953.50 in attorneys' fees as the prevailing party. In doing so, the court found that the rates of defense counsel ($350, $320, $280 and $265) were reasonable, and stated: "Wells Fargo's counsel, Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, ('AFRCT') has billed 111.63 hours at billing rates which vary by individual attorneys and paralegals who performed legal work in the course of this litigation. . . . [AFRCT has] supported their position by offering numerous instances where District Courts within the Ninth Circuit

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  awarded Wells Fargo attorneys' fees in similar real property

2  foreclosure suits." *Neufeld*, 2011 U.S. Dist. LEXIS at *5-6.

3  In fact, rates of up to $515/hour have been approved for attorneys defending

4  financial institutions in actions brought by borrowers in the San Francisco Bay

5  Area. See e.g., *Buena Vista, LLC v. New Res. Bank,* 2011 U.S. Dist. LEXIS 96141,

6  *15-16 (N.D. Cal. Aug. 26, 2011) (approving rates of $450/hour for shareholders;

7  $410/hour for senior counsel; and $290 to $310/hour for associates); *Henry v. Bank*

8  *of Am. Corp.*, 2010 U.S. Dist. LEXIS 94028, *16 (N.D. Cal. Aug. 23, 2010)

9  (approving rate of $515/hour for partner defending a lender liability action).  Even

10  higher rates have been approved in other types of cases. See e.g., *Armstrong v.*

11  *Brown*, 805 F. Supp. 2d 918, 920-22 (N.D. Cal. Aug. 8, 2011) (approving hourly

12  rates of up to $800 for partners and $480 for associates); *Love v. Mail on Sunday*,

13  2007 U.S. Dist. LEXIS 97061, *25-27 (C.D. Cal. Sept. 7, 2007) (fee motion

14  granted where partners charged between $570 and $690/hour, associates charged

15  between $305 and $460/hour, and paralegals billed $245/hour).

16  For the sake of transparency, the Court is advised that for certain cases in

17  which AFRCT represents Wells Fargo, a flat rate fee of $7,800.00 is paid by Wells

18  Fargo. (Wu Decl. ¶6.)  The instant action fell under this flat rate arrangement.  *Id.*

19  On or about February 13, 2018, this case was converted to an hourly case because

20  amount of work exceeded a set threshold.  (Wu Decl. ¶ 6.)  However, as briefed

21  above, the total work performed to dispose of this action was $45,251.20. (Wu

22  Decl. ¶6; Exh. A [Spreadsheet].).

23  Ample case law supports the proposition that a prevailing party is entitled to

24  recover reasonable attorneys' fees for the work performed, no matter how much

25  was actually paid to outside counsel by the prevailing party.  In general, courts

26  determine a reasonable fee award "by multiplying the number of hours reasonably

27  expended by counsel on the particular matter times a reasonable hourly rate."

28  *Florida v. Dunne*, 915 F.2d 542, 545 n. 3 (9th Cir. 1990) (citing *Hensley v.*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).)  The product of this computation, the "lodestar" amount, yields a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); see also, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

## 6.   **CONCLUSION**

In light of the foregoing, Wells Fargo requests an award of $45,251.20. Wells Fargo also requests an additional $2,920.90 for the fees associated with this fee motion.[6]  If this Motion is Opposed, Wells Fargo will update the Court in its Reply on the attorney's fees amount for the fee motion.

Dated:  April 19, 2018

Respectfully submitted,
ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP


By:   ____*/s/ Yaw-Jiun (Gene) Wu*____
      Yaw-Jiun (Gene) Wu
      gwu@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, and successor by merger with Wells Fargo Home Mortgage, Inc. ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

---

[6]   As explained in the Wu Declaration, the fees to prepare this fee motion were $2,920.90 (Wu Decl. ¶¶ 9, 10.)  The law is clear that fees incurred to litigate a fee award are recoverable.  *Singh v. Hancock Natural Res. Grp., Inc.*, 2017 U.S. Dist. LEXIS 80613, *37 (E.D. Cal. May 25, 2017).

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Avenue, Suite 1100, Pasadena, California 91101-4158.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

| *Counsel for Plaintiffs:* | *Counsel for Defendant NBS Default Services, LLC:* |
|---|---|
| Patricia R. Rodriguez, Esq. RODRIGUEZ LAW GROUP, INC. 1492 W. Colorado Blvd, Suite 120 Pasadena, CA 91105 Tel: (626) 888-5206 Fax: (626) 282-0522 prod@attorneyprod.com | Nabeel Zuberi, Esq. BUCKLEY MADOLE, P.C. 301 E. Ocean Drive, Suite 1720 Long Beach, CA 90802 Tel: (562) 983-5363 Fax: (562) 983-5363 nabeel.zuberi@buckleymadole.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on April 19, 2018.

| Lina Velasquez | */s/ Lina Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

<div style="writing-mode: vertical-lr">ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP</div>