UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1630-JLS-JCG                   Date: July 02, 2018
Title: Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                            N/A
    Deputy Clerk                                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                   Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 67)**

     Before the Court is a Motion for Attorneys' Fees filed by Defendant Wells Fargo. (Mot., Doc. 67.) Plaintiffs Chandra Adam, Dino Adam, Luke Adam, and Trina Adam opposed, and Defendant replied. (Opp., Doc. 72; Reply, Doc. 73.) Having considered the papers and having heard oral argument, the Court GRANTS IN PART Wells Fargo's Motion.

## I.    BACKGROUND

     This case arises from a $502,000 loan agreement between Luke and Chandra Adam and World Savings Bank, secured by the Adam's residence (the Subject Property). (SAC ¶ 12c, Doc. 58.) World Savings' interest in the loan was later assigned to Wells Fargo. (*Id.* ¶ 12d). Plaintiffs eventually sought a loan modification to avoid foreclosure. (*Id.* ¶12e.) They alleged a number of irregularities in the loan modification process and subsequent communications from Wells Fargo related to a potential foreclosure upon the Subject Property. (*See generally* SAC.)
     Plaintiffs originally filed suit in Orange County Superior Court. (Compl., Doc. 1-1.) Wells Fargo removed the action to this Court on September 2, 2016. (Doc. 1) Plaintiffs then amended their complaint. (*See* FAC, Doc. 15.) Plaintiffs' FAC included the following causes of action: (1) violation of California Civil Code section 2923.6; (2)

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1630-JLS-JCG                                  Date: July 02, 2018
Title:  Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

violation of California Civil Code section 2923.7; (3) violation of California Civil Code section 2923.55; (4) violation of California Civil Code section 2924.17; (5) violation of California Civil Code section 2924.9; (6) fraudulent misrepresentation; (7) negligence, and (8) violation of California Civil Code Section 17200, unfair business practices; (9) negligent misrepresentation; and (10) breach of contract.  (*See* FAC.)

The Court stayed the action and ordered the parties to loan modification proceedings.  (Doc. 23.)  The parties were not able to come to an agreement, and the stay was lifted on November 27, 2017.  (Mediation Report, Doc. 41; Status Report, Doc. 42; Order Lifting Stay, Doc. 43.)

The Court then granted Wells Fargo's Motion to Dismiss the FAC, with leave to amend as to four of the ten claims.  (Order, Doc. 56.)  Plaintiffs filed a SAC, which the Court ultimately dismissed without leave to amend.  (Order, Doc. 65.)

Wells Fargo now moves for attorneys' fees pursuant to the promissory note and deed of trust.  It requests $45,251.20 in fees for litigation of the case to judgment, and $4,510.40 in fees for bringing the fee motion.

## II.   LEGAL STANDARD

"In a diversity action the question of attorney's fees is governed by state law." *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979) (citations omitted); *see also Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) ("[S]tate law on attorney's fees is substantive, so state law applies in diversity cases."). Under California law, "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Code Civ. Proc. § 1021.  Pursuant to Section 1021, "parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1341 (1992) (citations omitted).  Where attorneys' fees are provided for in a written agreement between the parties, courts apply the ordinary rules of contract interpretation to construe the terms.  *See Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1630-JLS-JCG                                Date: July 02, 2018
Title: Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

After a court decides that the contract provides for attorneys' fees, the court must determine the reasonableness of the requested fees. "Where a contract provides for attorneys' fees but does not specify a particular sum, it is within the trial court's discretion to determine what constitutes reasonable attorneys' fees." *Niederer v. Ferreira*, 189 Cal. App. 3d 1485, 1507 (1987) (citations omitted). In California, this inquiry "ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). "The reasonable hourly rate is that prevailing in the community for similar work." *Id.* (citations omitted). "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id.* (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977) (in bank)). "When apprised of the pertinent facts, the trial court may rely on its own experience and knowledge in determining the reasonable value of the attorney's services." *Id.* (citation omitted).

## III. DISCUSSION

Wells Fargo asserts that it is entitled to attorneys' fees based on language in the original promissory note and deed of trust. The promissory note between Luke and Chandra Adam and World Savings Bank states that the "Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs." (Wu Decl. Ex. C, Doc. 67-1.) The Deed of Trust, signed by Luke and Chandra Adam, states that if

> someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's action may, without limitation, include appearing in court [and] paying reasonable

3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1630-JLS-JCG                 Date: July 02, 2018
Title: Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

> attorneys' fees . . . . I will pay to Lender any amounts which Lender
> advances under this paragraph.

(Wu Decl. Ex. D; *see also* FAC Ex. A.)

Plaintiffs oppose a grant of fees, asserting both that no fees should be awarded and that Wells Fargo's requested fees are unreasonable. As described more fully below, the Court determines that an award of fees is appropriate, but that the fees requested are unreasonable.

### A. Propriety of an Award of Fees

California Civil Code section 1717 provides that in

> any action on a contract, where the contract specifically provides that
> attorney's fees and costs . . . shall be awarded either to one of the parties or the
> prevailing party, then the party who is determined to be the party prevailing on
> the contract, whether he or she is the party specified in the contract or not, shall
> be entitled to reasonable attorney's fees in addition to other costs.

Plaintiffs assert that no fees are appropriate under this code section, arguing that their claims were not made to enforce a contract, that Wells Fargo was not a signatory to the documents, that Wells Fargo was not a prevailing party, and that an award of attorneys' fees would violate the one-action rule. The Court takes each argument in turn.

### 1. Whether Plaintiffs' Claims were Contract-Based

According to Plaintiffs, their causes of action for wrongful foreclosure were not contract claims and therefore an award of fees is not available pursuant to California

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1630-JLS-JCG                          Date: July 02, 2018
Title:  Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

Civil Code section 1717.  (Opp. at 3.)  Further, Plaintiffs state that none of their claims were "alleged to enforce any contract." (*Id.*)

As a preliminary matter, Plaintiffs did bring a claim for breach of contract in both their FAC and SAC.  Moreover, the Court concludes that each of the other claims was directly related to Wells Fargo's enforcement of the contract documents through foreclosure.  Actions for wrongful foreclosure and related claims of fraud are "on the contract" in that they stem from Wells Fargo's attempt to enforce the deed of trust and promissory note.  *See, e.g.*, *Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081-EDL, 2011 WL 9322, at *3 (N.D. Cal. Jan. 3, 2011*); Copeland-Turner v. Wells Fargo Bank, N.A.*, No. CV-11-37-HZ, 2011 WL 5117877, at *6 (D. Or. Oct. 25, 2011); *Gens v. Wachovia Mortg. Corp.*, No. 10-CV-01073-LHK, 2011 WL 3844083, at *3 (N.D. Cal. Aug. 30, 2011); *Marino v. Wells Fargo Bank, N.A.,* No. CV124600PSGFFMX, 2013 WL 12142597, at *2 (C.D. Cal. Jan. 3, 2013).

Accordingly, the case was an action "on the contract" and all causes of action were either specifically about breach of contract or otherwise intertwined with its enforcement.

### 2.  Whether Wells Fargo May Enforce the Contract

Plaintiffs next argues that because World Savings Bank – and not Wells Fargo – was the Lender under the promissory note and deed of trust, and Wells Fargo did not sign the documents, Wells Fargo may not enforce the attorneys' fees provisions therein.  (Opp. at 3.)  It is well-settled, however, that Wells Fargo is a successor to World Savings Bank and therefore Wells Fargo is regularly awarded the benefit of attorneys' fees pursuant to contracts between plaintiffs and World Savings Bank identical to the ones at issue here.  *See, e.g.*, *Richardson v. Wells Fargo Bank, N.A.*, No. ED-CV-16873-VAP-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1630-JLS-JCG                              Date: July 02, 2018
Title:  Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

KKX, 2016 WL 10078486, at *2 (C.D. Cal. Aug. 11, 2016); *Gens*, 2011 WL 3844083, at *3.

Accordingly, the Court concludes that Wells Fargo may enforce the identified attorneys' fees provisions.

### 3. Whether Wells Fargo is the Prevailing Party

Plaintiffs argue that Wells Fargo was not the prevailing party because, although the Court sustained Wells Fargo's motion to dismiss without leave to amend, they have appealed the decision to the Ninth Circuit. (Opp. at 5-6.) A prevailing party is the party who has "received an enforceable judgment on the merits or a court-ordered consent decree." *Shaddox v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00250 JAM, 2012 WL 3886090, at *2 (E.D. Cal. Sept. 6, 2012) (quoting *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (internal quotation marks omitted)). The Court's dismissal of the SAC with prejudice makes Wells Fargo the prevailing party.[1] *Id*. Moreover, the Court retains jurisdiction over an award of attorneys' fees even after a notice of appeal from a decision on the merits has been filed. *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983); *see also G.P.P., Inc. v. Guardian Protection Products, Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 932087, at *2 (E.D. Cal. Feb. 16, 2018).

Accordingly, Wells Fargo is the prevailing party on the contract.

### 4. Whether Granting Attorneys' Fees Violates the One-Action Rule

Plaintiffs argue that awarding attorneys' fees in this action while Wells Fargo also proceeds with foreclosure would violate the one action rule on deficiency judgments for foreclosures. (Opp. at 6.)

Wells Fargo asserts that Plaintiffs' argument improperly relies on the judicial, rather than non-judicial foreclosure scheme. (Reply at 6.) The Court agrees. Because any foreclosure upon the Subject Property would be a non-judicial foreclosure pursuant

---

[1] The Court recently issued a judgment to make that determination clear. (Doc. 75.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1630-JLS-JCG                    Date: July 02, 2018
Title: Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

to power of sale in the deed of trust, the cited one action rule does not apply to Plaintiffs' case. *See, e.g. Sami v. Wells Fargo Bank*, No. C 12-00108 DMR, 2012 WL 3204194, at *5 (N.D. Cal. Aug. 3, 2012). Even if the judicial foreclosure scheme applied, however, courts have made clear that a voluntary suit by a plaintiff that results in an order of attorneys' fees for defendant does not violate the one action rule. *See, e.g., Passanisi v. Merit-Mcbride Realtors, Inc.*, 190 Cal. App. 3d 1496, 1509 (Ct. App. 1987).

Accordingly, the Court concludes that an award of fees does not violate the one action rule.

### 5. Conclusion As to Whether Fees Should Be Awarded

The Court has concluded that Plaintiffs' claims were all either on the contract or intertwined with it, that Wells Fargo may enforce the contractual provisions, that Wells Fargo was the prevailing party, and that an award of fees would not violate the one action rule. Accordingly, an award of attorneys' fees to Wells Fargo is appropriate.

### B. Reasonableness of Requested Fees

Having concluded that it is appropriate to award attorneys' fees, the Court turns to the reasonable of the requested fees. Wells Fargo requests $45,251.20 in attorneys' fees, based on 160 hours of work. (Wu Decl. ¶ 8.) Billed hours include work done to remove the case from state court, prepare for and attend the loan modification conference, and the drafting of two Motions to Dismiss. (Mot. at 17-18.) It requests an additional $4,510.40 in fees for bringing the fee motion.

The Court has discretion to reduce a fee award "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). When adjusting a fee award, a court may consider: "(1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the necessary skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1630-JLS-JCG                               Date: July 02, 2018
Title:  Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys on the case; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Samuels v. Wells Fargo Bank, N.A.*, No. CV 11-6067-PSG-PJWX, 2012 WL 13008997, at *2 (C.D. Cal. Sept. 26, 2012).

Considering these factors together, the Court concludes that Wells Fargo's requested fees are unreasonable.  The individual hourly rates requested by Wu ($289-$330) and his paralegal Emily Martinez ($155-163) are reasonable in light of their experience.  *See, e.g.*, *Neufeld v. Wells Fargo Home Mortg., Inc.*, 2011 U.S. Dist. LEXIS 63238, *6.  However, the total number of hours spent on the case is unreasonably high.  A review of the billing records reveals that some tasks were billed multiple times by different people; for example, four different legal staff members billed 0.3 hours each to do a "preliminary review" of the documents.  (Wu Decl. Ex. B, Doc. 67-1 at 30-31.)  The time billed to complete some relatively routine tasks is unreasonably high—for example, the two hours spent on a stipulation to extend time to mediate, a 1.5 page document with boilerplate language.  (Doc. 32; *see* Ex. B at 57.)  Many entries, adding up to 16 hours of billed time, are redacted, leaving the Court with no basis to determine their reasonableness.

The firm also billed an unreasonably high number of hours for its motion practice, particularly for an attorney with a "law practice steeped in foreclosure-related cases." *Samuels*, 2012 WL 13008997, at *3.  For example, the firm billed nine hours to remove the case, and 30 hours on the Motion to Dismiss the FAC.  Despite the fact that the SAC was nearly identical to the FAC, the firm billed 18 *more* hours on the Motion to Dismiss the SAC.  These hours are excessive in light of the straightforward nature of the claims and Wu's experience in the area.  *Samuels*, 2012 WL 13008997, at *3.  Wu also billed upwards of 15 hours to prepare for and attend the loan modification conference ordered by the Court.  However, lenders are expected in the ordinary course of business to work with borrowers on possible loan modification, even outside the context of litigation.  The Court typically sends the parties to loan modification settlement proceedings when it appears that there was a break down in the usual business process.  Here, the Court intended to inquire of Defendant's counsel at the hearing to understand if any particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1630-JLS-JCG					Date: July 02, 2018
Title:  Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

circumstances led to the number of hours billed in preparation for and attendance at the conference, but Wu, the attorney who billed the hours and submitted the papers, was not the attorney who appeared at the hearing.  Nor was the attorney who appeared sufficiently knowledgeable about the specifics of this case to answer such questions.  Accordingly, the Court concludes that it is inappropriate to include the hours relating to loan modification proceedings as reasonable.

The Court also notes that until February 13, 2018, Wells Fargo was billed at a flat rate of $7,800.  (Mot. at 20.)  At that point Wu explains that the "amount of work exceeded a set threshold," but he does not explain what that threshold was.  (*Id.*; *see also* Wu Decl. ¶6.)  The Court notes that only 23.3 of the 160 requested hours were billed after this date.  The jump from a $7,800 flat rate to a $45,251.20 request for attorneys' fees strikes the Court as excessive and unreasonable.  The Court questions whether the threshold would have been reached had the firm not included its hours related to the loan modification conference or expended such unreasonably high hours on what should have been relatively routine tasks for the practice.  Again, because the attorney responsible for the litigation was not present at the hearing, questions about the specifics of this case went unanswered.

Accordingly, the Court exercises its discretion to reduce the attorneys' fees award to $7,800, plus reasonable costs for preparing the fee motion.  Wu asserts that he spent 5.2 hours on the fee motion at the rate of $289 per hour, while his paralegal Emily Martinez spent 8.7 hours at the rate of $163 per hour.  (Wu Decl. ¶¶ 2b, 9-10.)  In his reply, Wu asks for an additional $1,589.50, representing 5.5 hours of his time.  The Court finds this number of hours excessive.  As noted in *Shaddox*, this type of motion is "a routine motion for Defendant's counsel," and Plaintiffs' arguments were not novel.  2012

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1630-JLS-JCG                               Date: July 02, 2018
Title:  Dino Adam et al. v. Wells Fargo Bank, N.A. et al.

WL 3886090, at *3.  Accordingly, the Court reduces the fee award for preparing the fee motion to 2 hours of Wu's time and 3 hours of the paralegal's time, or $1067.

Accordingly, the Court awards Wells Fargo a total of $8867 in attorneys' fees, representing the $7,800 flat rate originally charged to defend the suit and $1067 in fees to prepare the fee motion.

**IV.     CONCLUSION**

For the reasons stated above, Wells Fargo's Motion for an Award of Attorneys' Fees is GRANTED IN PART and Plaintiffs are ordered to pay $8867.00 in fees to Wells Fargo.

Initials of Preparer:  tg