**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHANDRA ADAM; et al., | No. 18-55597 |
| Plaintiffs-Appellants, | D.C. No. 8:16-cv-01630-JLS-JCG |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 3, 2020[**]

Before: MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Trina Adam, Chandra Adam, Dino Adam, and Luke Adam appeal pro se from the district court's judgment dismissing their diversity action alleging state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We may affirm on any ground supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

The district court properly denied plaintiffs' motion to remand the action to state court because the requirements for diversity jurisdiction were met. *See* 28 U.S.C. § 1332(a); *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (standard of review).

Dismissal of plaintiffs' claims under California Civil Code sections 2923.6 and 2923.7 was proper because plaintiffs failed to allege facts sufficient to state a plausible claim. *See* Cal. Civ. Code § 2923.7(e) (discussing the nature of "single point of contact"); § 2924.12 (where the trustee's deed upon sale has not been recorded, the only remedy is an action for injunctive relief to enjoin a material violation of § 2923.6 or § 2923.7), § 2924g(c)(2) (requiring a new notice of sale when sale proceedings are postponed for a period or periods totaling more than 365 days).

Dismissal of plaintiffs' negligence claim in the first amended complaint was proper because plaintiffs failed to allege facts sufficient to show that defendants

breached any duty of care owed to them. *See Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 816 (Ct. App. 2013) (elements of a negligence claim under California law); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' breach of contract claim in the second amended complaint because plaintiffs failed to allege facts sufficient to state a plausible claim. *See CDF Firefighters v. Maldonado*, 70 Cal. Rptr. 3d 667, 679 (Ct. App. 2008) (elements of a breach of contract claim under California law).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that the court need not grant leave to amend if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' request for judicial notice (Docket Entry No. 43) is denied.

**AFFIRMED.**